UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROGACIANO GONZALES-MENDOZA,<br><br>         Petitioner,<br><br>    vs.<br><br>RICHARD MORGAN,<br><br>         Respondent. | NO.  CV-05-5065-CI<br><br>REPORT AND RECOMMENDATION TO DISMISS PETITION AND TO DENY PENDING MOTIONS AS MOOT |

BEFORE THE COURT are Petitioner's Response to the Order to Show Cause (Ct. Rec. 4) and his Motion to Appoint Counsel (Ct. Rec. 5). Petitioner is proceeding *pro se*; Respondent has not been served.  The parties have not consented to proceed before a United States Magistrate Judge.  The documents were considered without oral argument.

By Order filed July 15, 2005, the court directed Petitioner to show cause why his petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d) of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  In response, Petitioner asserts he was not informed until August 2004, of the decision of the Indeterminate Sentence Review Board ("ISRB") to deny him parole and to add 60 months to his prison term.  Petitioner initially pleaded guilty to two counts

REPORT AND RECOMMENDATION TO DISMISS PETITION -- 1

of First Degree Murder in Benton County in 1983, and was sentenced to life imprisonment with the possibility of parole.

Petitioner claims the ISRB did not immediately inform Petitioner of their decision in February 2002, but mailed their deferred decision to him several months later. Petitioner contends, because of his illiteracy and the failure of the prison to translate the document for him, he was unable to ascertain the content of that decision until an altruistic inmate read it to him in August 2004.

Unfortunately, a prisoner's illiteracy does not excuse his failure to timely file documents with the court. *See Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (concluding petitioner's illiteracy did not constitute sufficient cause to excuse procedural default). Furthermore, his contention that he was unable to find another prisoner who would not demand sexual favors in exchange for translating the document, or that prison staff would not translate his documents free of charge, does not excuse the two year delay before he filed his petitions. *See id.* (a prisoner's illiteracy and complete lack of legal assistance in prison do not constitute cause for a procedural default). Petitioner does not state he sought assistance from his counselor and was refused, or that he grieved such a refusal. *See Calderon v. United States Dist. Court*, 128 F.3d 1283, 1289 (9th Cir. 1997)(holding the tolling of the AEDPA's statute of limitations due to extraordinary circumstances requires that a petitioner diligently pursue his claims), *overruled in part on other grounds by Calderon v. United States Dist. Court*, 163 F.3d 530, 540 (9th Cir. 1998)(*en banc*).

REPORT AND RECOMMENDATION TO DISMISS PETITION -- 2

Finally, Petitioner asserts he is mildly retarded and his retardation should toll the limitations period under the AEDPA. Petitioner does not argue he is mentally incompetent as claimed by the petitioner in *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003). Furthermore, contrary to Petitioner's assertion, the Psychological Evaluation he presents as an exhibit, (Ct. Rec. 4, Appendix IV, pgs. 10 and 12), states Petitioner's intelligence is estimated to be within the normal range.

Petitioner has failed to demonstrate extraordinary circumstances beyond his control which made timely filing impossible. *See Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Accordingly, **IT IS RECOMMENDED** the petition be **DISMISSED with prejudice** as time-barred under 28 U.S.C. § 2244(d). **IT IS FURTHER RECOMMENDED** pending motions be denied as moot.

## OBJECTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report within ten (10) days following service with a copy thereof. Such party shall file with the District Court Executive all written objections, specifically identifying the portions to which objection is being made, and the basis therefor. Attention is directed to Fed. R. Civ. P. 6(e), which adds another three (3) days from the date of mailing if service is by mail.

A district judge will make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The district judge need not conduct a new hearing or hear arguments and may consider the

REPORT AND RECOMMENDATION TO DISMISS PETITION -- 3

magistrate judge's record and make an independent determination thereon. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 73, and LMR 4, Local Rules for the Eastern District of Washington. A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to enter this Report and Recommendation and forward a copy to Petitioner.

DATED August 18, 2005.

                     <u>S/ CYNTHIA IMBROGNO</u>
                 UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION TO DISMISS PETITION -- 4